**SECURITIES AND EXCHANGE COMMISSION, Plaintiff,**

v.

**DIVERSIFIED BROKERS COMPANY, Inc., a corporation, Donald P. Smallwood, Harold F. Conell and Roy E. Lay, Defendants.**

**No. 69 C 57(2).**

United States District Court
E. D. Missouri, E. D.
April 4, 1969.

Daniel Bartlett, Jr., United States Atty., Jim J. Shoemake, Asst. United States Atty., St. Louis, Mo., Harry O. Moline, Jr., St. Louis, Mo., S.E.C. Atty., for Securities and Exchange Comm.

Wm. R. Gartenberg, St. Louis, Mo., for Diversified Brokers Co., Inc.

Harold L. Satz and Theodore D. Ponfil, St. Louis, Mo., and Daniel O'Brien, St. Louis, Mo., for Smallwood and Lay.

Hiram W. Watkins, St. Louis, Mo., for Conell.

## MEMORANDUM

MEREDITH, District Judge.

This matter is presently before the Court on the petition of the receiver, filed March 26, 1969. The action was instituted on a complaint filed by the plaintiff, the Securities and Exchange Commission, alleging certain violations of the Securities Act of 1933, as amended, and seeking appropriate injunctive relief against defendant Diversified Brokers Company, Inc., and the individual defendants. The Commission, in the exercise of its duty to protect the security holders' interest in the defendant corporation, also requested the appointment of a receiver "to hold and conserve the assets of Diversified Brokers until it can be determined that Diversified Brokers is in a solvent financial condition and the defendants are in compliance with the Court's decree."

After hearing and argument of counsel, the Court entered, by the consent of all parties involved, a final judgment granting the requested relief, equitable and injunctive, and further appointed Stuart Symington, Jr., the petitioner herein, as receiver. The judgment, filed February 27, 1969, authorized and directed the receiver "to collect and take charge of any and all such assets and property [belonging to or in the possession of the corporation] and to hold the same, subject to the further order of this Court." It is this directive which the receiver seeks to have clarified and, if necessary, amplified.

The Court has considered the receiver's application, and all of the parties to this cause have received notice of the hearing on said application by and through their counsel of record. Counsel, William Gartenberg for the defendant corporation, Harold Satz and Theodore Ponfil for the defendants Donald P. Smallwood and Roy E. Lay, and Wayne Patton for the defendant Harold F. Conell, appeared in open court on Friday, March 28, 1969. The Court has heard and considered the evidence presented at the hearing held on March 28, 1969, and the continuation of that hearing on April 3, 1969, and further has heard the arguments of counsel in support of and in opposition to said petition. The Court now being fully advised in the premises and having fully considered the matter on the evidence and arguments,

and the reports of the receiver heretofore filed, finds that there is a substantial likelihood that the defendant corporation is insolvent in both the equitable and bankruptcy sense.

■ The Court takes judicial notice of the fact that three creditors of said corporation have filed an involuntary petition against said corporation setting forth several distinct bases for an adjudication of bankruptcy, cause No. 69 B 569, now pending in this Court. The petitioning creditors have asked the Court to appoint a receiver in that action.

What has been presented to the Court to date indicates a likelihood that the defendants Smallwood, Lay, and Conell may be in possession of some portions of the corporate assets, and, further, that they or their associates may have wrongfully used and appropriated certain of the corporate assets.

The Postal authorities have filed charges of mail fraud against these three individuals.

The evidence indicates that other third parties may well be in possession of other assets belonging to the defendant corporation and that they may have received assets and property of the corporation wrongfully.

The Court's jurisdiction in relation to the receivership herein existing is, of course, ancillary to that of the main complaint. Its power under the S.E.C. complaint to appoint a receiver is based upon its general equity power and jurisdiction. The S.E.C. in making such a request is acting in its recognized and intended capacity as a protector of the interests of the investing public. It is that crucial interest, which, of course, must be protected. Equity has long operated on the premise that, once its jurisdiction has attached, it will not abandon an undertaken task only partially complete. Such is the situation here presented.

From the point of view of the defendant corporation and the investing public who have invested in its notes, it is necessary to acquire and reduce to posses-

sion all possible corporate assets, and to do this as effectively and as inexpensively as possible. No stone should be left unturned in an attempt to recover all those moneys and other properties which do and should belong to this corporation in an attempt to prevent the dissipation or concealment thereof. In view of the facts heretofore set forth specifically, and those otherwise generally developed, these essential aims can best be fulfilled by a continuation and clarification of the existing receivership until such time as the defendant corporation is adjudicated bankrupt and a trustee is qualified therein, or until some other disposition is made in said bankruptcy proceedings.

Such continuation will avoid the necessity of a transfer of functions and assets, and will, therefore, tend to minimize expense. Since the present receiver is well acquainted with the structure and condition of the defendant, a continuation of the receivership will also provide an unbroken train of activity and knowledge. There will be no lag in time in the efforts required to regain for the corporation many of its rightful assets.

■ The Court recognizes that the Bankruptcy Court, under the Bankruptcy Act and under the circumstances of this case as they now exist, is best equipped to deal with the ultimate disposition of the defendant corporation's assets. However, disposition of the bankruptcy proceeding may not occur for a period of several weeks. Thus, continuation of the receivership is designed to best serve the interests of the defendant corporation and its investors until such time as trustee will be appointed and can begin to fully function under the pertinent provisions of the Bankruptcy Act.

Further, to best serve those same interests, it is necessary that this Court further clarify the powers heretofore given to the receiver. This S.E.C. receivership is designed and intended as a holding action, conserving and collecting assets pending the proper final disposition. Since the passage of time works against the conservation of, and against

the ability to collect assets, immediate action is necessitated.

In the circumstances here presented, this existing receivership is best equipped to act from all points of view. It can, therefore, best fulfill the limited purpose of protection for which it was and is intended. In view of the facts which paint a picture of the danger of dissipation of the defendant corporation's assets in the past and in the future, particularly those which may be in the hands of the individual defendants or in the hands of other third parties, an order will be entered clarifying the powers of the receiver herein and continuing its existence.